RECEIVED
IN LAKE CHARLES, LA
JUL 1 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONAS HANEY, JR. | : | DOCKET NO. 2:11 CV 2005 |
| VS. | : | JUDGE MINALDI |
| JAMES LEBLANC, ET AL. | : | MAGISTRATE JUDGE KAY |

### ORDER

Before the court is an Appeal [Doc. 15] of the Magistrate Judge's Memorandum Order [Doc. 14], filed by the plaintiff, Jonas Haney, Jr. Mr. Haney is an inmate currently incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed this *pro se* civil rights complaint on November 7, 2011, alleging that the defendant corrections officers used excessive force in their attempts to control a disturbance that took place on a prison bus on June 17, 2011. On December 8, 2011, the magistrate judge granted Mr. Haney's motion to proceed *in forma pauperis* ("IFP"). However, on May 21, 2012, she issued a Memorandum Order revoking and rescinding Mr. Haney's IFP status, finding that Mr. Haney was subject to the "three strikes rule" of 28 U.S.C. § 1915(g), which prohibits prisoners from obtaining IFP status if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Mr. Haney now appeals the magistrate judge's ruling. He argues that the magistrate judge erred in finding that he has previously filed three or more lawsuits that were dismissed as frivolous, malicious, or for failing to state a claim. Specifically, he asserts that the magistrate judge erroneously counted the court's dismissal of his complaint in *Haney v. James M. LeBlanc*, No. 10-

1

566 (M.D. La. Oct. 28, 2010) without prejudice for failure to exhaust administrative remedies as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

After reviewing the record, the court agrees that the magistrate judge erred. Dismissal of a suit for failure to exhaust administrative remedies does not result in a "strike" for purposes of 28 U.S.C. § 1915(g). *Turley v. Gaetz,* 625 F.3d 1005, 1013 (7th Cir. 2010); *Owens v. Isaac,* 487 F.3d 561, 563 (8th Cir. 2007); *Green v. Young,* 454 F.3d 405, 409 (4th Cir. 2006); *Snider v. Melindez,* 199 F.3d 108, 111-12 (2d Cir. 1999). Although the magistrate judge correctly notes that the Middle District of Louisiana recently denied Mr. Haney leave to proceed IFP in *Haney v. James M. LeBlanc,* No. 12-149 (March 16, 2012), the court in that case did not rely on 28 U.S.C. § 1915(g). Rather, the court found that Mr. Haney's complaint raised substantially the same claims as he had previously asserted in *Haney v. James M. LeBlanc,* No. 10-566 (M.D. La. Oct. 28, 2010) and that he was therefore barred from proceeding IFP by the court's order dismissing the previous case "without prejudice" but "with prejudice to refiling *in forma pauperis.*" In this case, by contrast, Mr. Haney asserts claims arising out of an entirely separate incident. Therefore, this case is unaffected by the Middle District's order dismissing Mr. Haney's previous claims with prejudice to refiling *in forma pauperis.* Accordingly, it is

ORDERED that the Appeal of the Magistrate Judge's Memorandum Order is GRANTED.

IT IS FURTHER ORDERED that the magistrate judge's ruling revoking and rescinding the plaintiff's IFP status is REVERSED.

Lake Charles, Louisiana, this 12 day of July 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

2