UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONAS HANEY, JR.** | * | **CIVIL ACTION NO. 11-CV-2005** |
| **DOC #100136** | * | |
| | * | **SECTION P** |
| **VERSUS** | * | |
| | * | **JUDGE MINALDI** |
| | * | |
| **JAMES LEBLANC, ET AL** | * | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Jonas Haney on November 7, 2011.  At the time this complaint was filed, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and was housed at David Wade Correctional Center (DWCC) in Homer, Louisiana.  On June 29, 2012, Haney filed a change of address notification with the court stating that he was residing at a rehabilitation center in Baton Rouge, Louisiana, for a six month drug and alcohol treatment program.

Haney alleges constitutional violations when he was sprayed with chemical agents during a bus transfer from one prison facility to another.  He also claims that he was denied medical care following the alleged incident.  Haney seeks compensatory damages for physical injury and mental anguish as well as punitive damages.  He names the following as defendants herein: LDOC Secretary James M. Leblanc, DWCC Warden Jerry Goodwin, Unknown Correctional Officers (a/k/a the transport team) from DWCC, Allen Correctional Center (ALC), A.L.C. Warden Terry Terrell, J. Levy Dabadie Correctional Center (JLDCC), and Avoyelles Correctional Center (AVCC).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint should be DISMISSED WITH PREJUDICE.

### *Statement of the Case*

On June 17, 2011, Haney and other inmates were being transported by bus from ALC to DWCC. Shortly after leaving ALC an inmate that was either unrestrained or had escaped his restraints left his seat and physically assaulted a fully restrained inmate. Two members of the transport team reacted to the assault by yelling for the offender to stop fighting and by spraying a chemical agent in the gated area where the inmates were located. Haney states that the offender returned to his seat and that the disturbance was under control. By this time, the bus was stopped on the side of the road. According to Haney, other members of the transport swarmed the bus and sprayed chemical agents into the open windows of the bus and onto the inmates, causing burning of the skin, difficulty breathing, and temporary blindness.

Haney asserts that rather than returning to ALC so that the inmates could wash the affected areas of their body, the transport team continued the transfer to DWCC. He contends that the inmates had the chemical substance on their bodies for nine to twelve hours, which included the arrival at DWCC, the unloading of inmates, and cell assignment. Haney states that the inmates were not examined by DWCC's medical personnel, and he maintains that staff failed to write a report on the incident.

Haney claims that the transport team mishandled the incident and used excessive force when they sprayed the chemical agent. He also contends that the above actions amounted to deliberate indifferent to his serious medical needs as he was not seen by medical personnel.

## *Law and Analysis*

**A. Frivolity Review:**

Haney has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley,* at 1025 (failure to state a claim).

**B. 42 U.S.C. § 1983:**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether Haney has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle the Haney to relief. In order to hold the defendants liable, Haney must allege facts to show: (1) a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under

color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that Haney has presented the best case which could be presented by him under the circumstances. Further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving Haney the benefit of every doubt, the court concludes, for the reasons stated herein, that he has failed to state a claim upon which relief may be granted, his claims are frivolous as a matter of law, and his complaint should therefore be dismissed with prejudice.

**1.  Use of Force:**

In order for Haney "[t]o prevail on [his] eighth amendment excessive force claim, [he] must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601–02 (5th Cir.1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Plaintiff states that the transport team used excessive force against him when they sprayed a chemical agent into the bus and on the inmates.

By plaintiff's own admission, the scenario in which the incident in question occurred was unsettled. An inmate was unrestrained and physically attacking another inmate. While it is unfortunate that the situation escalated to the point that force was used, plaintiff cannot prevail on this claim. In situations such as this, prison officials "are entitled to wide-ranging deference." *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir.1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force). "The amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir.1996). The use of force does not

constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir.1975); *see Williams v. Hoyt*, 556 F.2d 1336, 1339–40 (5th Cir.1977) (affirming jury verdict for the defendants where evidence was sufficient to show that mace was used only for the control of unruly prisoners and was, therefore, not excessive).

Haney presents no facts which show that the transport team applied force maliciously and sadistically in an effort to cause him harm.   Rather, it appears that the chemical agent was used to restore order and enforce compliance with directives from prison officials.  The use of force was justified to restore order and security, and the actions do not constitute cruel and unusual punishment.  Thus, this claim should be dismissed as frivolous.

Haney states he suffered temporary blindness, breathing trouble, and skin irritation. Similar injuries have been found to be *de minimis*. *Bradshaw v. Unknown Lieutenant*, 48 Fed.Appx. 106 (5th Cir. 2002) (plaintiff who suffered burning eyes and skin for approximately 24 hours, as well as blistered skin and a rapid heartbeat had not suffered more than a *de minimis* injury); *Davis v. Dretke*, 2008 WL 1867145 (N.D. Tex. Apr.23, 2002) (plaintiff who suffered temporary loss of sight in one eye and pain had not suffered more than a *de minimis* injury).

**2. Denial of Medical Care:**

Haney claims that he was not given any medical care for injuries allegedly sustained in the use of force by defendants.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official

subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir.1996). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be characterized as "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06. Haney must allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need. *Domino*, 239 F.3d at 755 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993).

Plaintiff has failed to allege facts sufficient to establish deliberate indifference. In fact, the second-step response notes demonstrate just the opposite—"[A] review of your medical records was conducted and it was found that you were seen by medical on 6/17/11 upon your arrival at DWCC and you made no complaints of being exposed to chemical agent or that you were not given the opportunity to change your jumpsuit. You were seen again on 9/29/11 and at this assessment you voiced no complaints of being exposed to chemical agent on 6/17/11." Doc. 1, Att. 2, p. 10.

Haney's claims of denied medical care are insufficient to establish that a constitutional violation has occurred, and his claim for denial of medical care should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 12th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE